Atty. No. 3122002

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED: MAY 7, 2009
09CV2824
JUDGE BUCKLO
MAGISTRATE JUDGE DENLOW
AO

| | |
|---|---|
| DEANNE NEELY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) NO. |
| VS. | ) |
| | ) JURY DEMAND |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| DEFENDANT. | ) |

## COMPLAINT

Plaintiff, Deanne Neely (hereinafter referred to as "Plaintiff"), by Robert S. Pinzur, Laura E. Cohen, Megan L. Kerr and Brian S. Brewer, of Pinzur, Cohen & Kerr, Ltd., her attorneys, demanding trial by jury, complaining against Defendant, Abbott Laboratories, Inc., ( hereinafter referred to as "Employer"), and states:

## COUNT I - DISCRIMINATION BASED ON DISABILITY

1. This Court has jurisdiction of this case pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101, *et seq.,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, *et seq.*, and the Civil Rights Act of 1991 ("Acts").

2. This action properly lies in this District pursuant to 28 U.S.C. Sec. 1391 because the claim arose in this Judicial District.

3. Plaintiff is disabled.

4. Plaintiff is currently a resident of Tucker, Georgia, but was, at all relevant times herein, a resident of Lake County, Illinois.

5. Defendant/employer, Abbott Laboratories, Inc., is a Delaware corporation, doing business in the County of Lake, State of Illinois .

6. Plaintiff was employed by Employer until she was involuntarily terminated by Defendant on November 24, 2004.

7. During her employment with Employer, Plaintiff performed all material conditions

and requirements of her positions, the last position being Documentation Clerk, in a satisfactory manner.

8. Plaintiff was suspended by employer in September, 2003.

9. Plaintiff was again suspended by employer on November 20, 2003.

10. Plaintiff is disabled due to a vision disability.

11. Employer became aware of Plaintiff's disability in August, 2003.

12. Prior to September, 2003, Plaintiff requested a reasonable accommodation for her disability from Employer.

13. Plaintiff was denied the reasonable accommodation requested.

14. Employer took adverse employment actions against Plaintiff, including suspensions and termination of employment, based upon her disability and pre-textual reasons.

15. The pre-textual reason included Plaintiff allegedly placed a wring expiration date on a batch of records on two (2) separate occasions.

16. Similarly situated non-disabled persons were treated different and were not suspended nor terminated.

17. Plaintiff was suspended by Employer without just cause.

18. Plaintiff was terminated by Employer without just cause.

19. Plaintiff has not received compensation from Employer since the termination.

20. Employer was, at all relevant times, engaged in the pharmaceutical business which is an industry affecting commerce and, at all relevant times hereto, was an employer subject to the jurisdiction of this Court.

21. As a result of the wrongful suspension and termination, Plaintiff has lost substantial income and benefits in excess of $150,000.00.

22. As a result of the wrongful suspension and termination, Plaintiff has suffered anguish, emotional trauma, pain and suffering.

23. As a result of the wrongful suspension and termination, Plaintiff has incurred substantial legal fees and costs in prosecution of this matter and will continue to incur substantial attorney fees and costs in the future which are anticipated to be in excess of $100,000.00.

24. Plaintiff has complied with all administrative prerequisites by filing timely a Charge of Discrimination based on the Americans With Disability Act with the Illinois Department Of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on or about December 17, 2003. A copy of the Charge is of Discrimination is attached hereto as Exhibit "A" and incorporated herein.

25. On or about February 11, 2009, Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC. A copy of the Dismissal is attached hereto as Exhibit "B" and incorporated herein.

26. Plaintiff was suspended and terminated by Employer as a result of Plaintiff's disability.

27. Employer had no legitimate reason for termination of Plaintiff.

28. By terminating Plaintiff, Employer willfully and intentionally discriminated against Plaintiff on the basis of her disability.

29. Further, by suspending and terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for whether its conduct violated the Acts.

30. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits and other compensation.

31. Plaintiff demands a Jury Trial.

Wherefore, Plaintiff, Deanne neely, respectfully requests this Court enter an Order granting the Plaintiff the following:

    A. Payment of all back pay, employee benefits and pension benefits in excess of $150,000.00.

    B. Front pay and all prospective lost benefits.

    C. Compensatory damages of $300,000.00 in actual damages for pain and suffering.

    D.    Reinstatement to her prior position.

    E.    Punitive damages of $300,000.00.

    F.    An award for liquidated damages, attorney fees and costs and any other relief this Court deems appropriate.

## COUNT II - DISCRIMINATION BASED UPON RACE

32. This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000 e, *et seq.*, and the Civil Rights Act of 1991 ("Acts").

33. This action properly lies in this District pursuant to 28 U.S.C. Sec. 1391 because the claim arose in this Judicial District.

34. Plaintiff is African American.

35. Plaintiff is currently a resident of Tucker, Georgia, but was, at all relevant times herein, a resident of Lake County, Illinois.

36. Defendant/employer, Abbott Laboratories, Inc., is a Delaware corporation, doing business in the County of Lake, State of Illinois.

37. Plaintiff was employed by Employer until she was involuntarily terminated by Defendant on November 24, 2004.

38. During her employment with Employer, Plaintiff performed all material conditions and requirements of her positions, the last position being Documentation Clerk, in a satisfactory manner.

39. Plaintiff was suspended by employer in September, 2003.

40. Plaintiff was again suspended by employer on November 20, 2003.

41. Employer took adverse employment actions against Plaintiff, including suspensions and termination of employment, based upon her race and pre-textual reasons.

42. The pre-textual reason included Plaintiff allegedly placed a wring expiration date on a batch of records on two (2) separate occasions.

4

43. Similarly situated Caucasian persons were treated different and were not suspended nor terminated.

44. Plaintiff was suspended by Employer without just cause.

45. Plaintiff was terminated by Employer without just cause.

46. Plaintiff has not received compensation from Employer since the termination.

47. Employer was, at all relevant times, engaged in the pharmaceutical business which is an industry affecting commerce and, at all relevant times hereto, was an employer subject to the jurisdiction of this Court.

48. As a result of the wrongful suspension and termination, Plaintiff has lost substantial income and benefits in excess of $150,000.00.

49. As a result of the wrongful suspension and termination, Plaintiff has suffered anguish, emotional trauma, pain and suffering.

50. As a result of the wrongful suspension and termination, Plaintiff has incurred substantial legal fees and costs in prosecution of this matter and will continue to incur substantial attorney fees and costs in the future which are anticipated to be in excess of $100,000.00.

51. Plaintiff has complied with all administrative prerequisites by filing timely a Charge of Discrimination based on race with the Illinois Department Of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on or about December 17, 2003. A copy of the Charge is of Discrimination is attached hereto as Exhibit "A" and incorporated herein.

52. On or about February 11, 2009, Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC. A copy of the Dismissal is attached hereto as Exhibit "B" and incorporated herein.

53. Plaintiff was suspended and terminated by Employer as a result of Plaintiff's disability.

54. Employer had no legitimate reason for termination of Plaintiff.

55. By terminating Plaintiff, Employer willfully and intentionally discriminated against

5

Plaintiff on the basis of her race.

56. Further, by suspending and terminating Plaintiff's employment, Defendant knew and/or showed reckless disregard for whether its conduct violated the Acts.

57. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered loss of employment, wages, benefits and other compensation.

58. Plaintiff demands a Jury Trial.

Wherefore, Plaintiff, Deanne neely, respectfully requests this Court enter an Order granting the Plaintiff the following:

A. Payment of all back pay, employee benefits and pension benefits in excess of $150,000.00.

B. Front pay and all prospective lost benefits.

C. Compensatory damages of $300,000.00 in actual damages for pain and suffering.

D. Reinstatement to her prior position.

E. Punitive damages of $300,000.00.

F. An award for liquidated damages, attorney fees and costs and any other relief this Court deems appropriate.

Deanne Neely

By: *Robert S. Pinzur*
Robert S. Pinzur
Pinzur, Cohen & Kerr, Ltd.

Pinzur, Cohen & Kerr, Ltd.
Attorney No. 3122002
Attorney for Plaintiff
Suite 208, 4180 RFD Route 83
Long Grove, IL 60047
847/821-5290
847/821-5293 (fax)

Exhibit "A"

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.    04W1208.20 | [X] IDHR  [X] EEOC | 2004CF1706 |

### Illinois Department of Human Rights and EEOC

| NAME (indicate Mr., Ms., Mrs.) DEANNE NEELY | | HOME TELEPHONE (include area code) 847-672-3323 |
|---|---|---|
| STREET ADDRESS 2847 CENTRAL AVE | CITY, STATE AND ZIP CODE WAUKEGAN, IL 60085 | DATE OF BIRTH 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE, LIST BELOW)

| NAME ABBOTT LABORATORIES | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (include area code) 847 937 7400 |
|---|---|---|
| STREET ADDRESS 1401 SHERIDAN RD | CITY, STATE AND ZIP CODE N CHICAGO, IL 60064 | COUNTY 097 |
| NAME | | TELEPHONE (include area code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

| CAUSE OF DISCRIMINATION BASED ON: RACE    PHYSICAL HANDICAP | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) / /    LATEST (ALL) 11/24/2003 [ ] CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (if additional space is needed attach extra sheet(s))

I.  A.  ISSUE/BASIS
    1.  SUSPENSIONS - SEPTEMBER, 2003 AND NOVEMBER 20, 2003, BECAUSE OF MY RACE, BLACK

    B.  PRIMA FACIE ALLEGATIONS

    1.  My race is black.

    2.  My job performance as a Documentation Clerk met Respondent's standards. I was hired by Respondent in March, 1991.

    3.  In September, 2003 and on November 20, 2003, I was suspended. The reason given by Jim Ross (white), Supervisor, for the suspensions was that I placed the wrong expiration date on a batch of records on

Cont'd...

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct

"OFFICIAL SEAL"
JACQUELYN TURNER HAMB
Notary Public, State of Illinois
My Commission Expires 8/4/05
Notary Public Seal

12/17/03

NOTARY (when necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT    DATE
x Deanne Nely    12-17-03

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, year)

EEOC FORM 5 (6/00)    FEP9JJT3

Complainant Name: DEANNE NEELY
Charge Number: 2004CF1706
Page 2

        two separate occasions, in September, 2003 and again in November, 2003. Although, I caught and corrected my error on the November, 2003, batch of records before they were processed I was still suspended.

    4. A similarly situated employee, Mary Block (white), Documentation Clerk, was not suspended when she made the same or similar error on a batch of records.

II.   A.   ISSUE/BASIS

    SUSPENSIONS - SEPTEMBER, 2003, AND NOVEMBER 20, 2003, BECAUSE OF MY PHYSICAL HANDICAP, VISION IMPAIRMENT (DETACHED RETINA AND CATARACT IN RIGHT EYE)

    B.   PRIMA FACIE ALLEGATIONS

      1. I am handicapped within the meaning of the Human Rights Act.

      2. Respondent became aware of my handicap in August, 2003, when I had eye surgery. My job performance as a Documentation Clerk met Respondent's standards. I was hired by Respondent in March, 1991.

      3. In September, 2003, and on November 20, 2003, I was suspended. The reason given by Jim Ross (white), Supervisor, for the suspensions was that I placed the wrong expiration date on a batch of records on two separate occasions, in September, 2003 and again in November, 2003. Although, I caught and corrected my error on the November, 2003, batch of records before they were processed I was still suspended.

      4. My handicap is unrelated to my ability to perform the job which I was hired to perform with a reasonable accommodation.

cont.d

Complainant Name: DEANNE NEELY
Charge Number 2004CF1706
Page 3

III. A. ISSUE/BASIS
FAILURE TO ACCOMMODATE - NOVEMBER 17, 2003, BECAUSE OF MY PHYSICAL HANDICAP, VISION IMPAIRMENT (DETACHED RETINA AND CATARACT IN RIGHT EYE)

B. PRIMA FACIE ALLEGATIONS

1. I am handicapped within the meaning of the Human Rights Act.

2. Respondent became aware of my handicap in August, 2003, when I had eye surgery. My job performance as a Documentation Clerk met Respondent's standards. I was hired by Respondent in March, 1991.

3. On November 17, 2003, I requested an accommodation. I asked Respondent if they could provide me with another computer monitor to assist me.

4. This accommodation would not have created a hardship for Respondent.

5. My handicap is unrelated to my ability to perform the job which I was hired to perform with an accommodation.

IV. A. ISSUE/BASIS
DISCHARGE - NOVEMBER 24, 2003, BECAUSE OF MY RACE, BLACK

B. PRIMA FACIE ALLEGATIONS

1. My race is black.

2. My job performance as a Documentation Clerk met Respondent's standards. I was hired by Respondent in March, 1991.

3. On November 24, 2003, I was discharged. The reason given by Jim Ross (white), Supervisor, for my discharge was that I placed the wrong expiration date on a batch of records on two separate occasions, in September, 2003 and again in November, 2003. Although, I caught and corrected my error on the November, 2003, batch of records before they were processed I was still discharged.

cont.d

Complainant Name: DEANNE NEELY
Charge Number: 2004CF1706
Page 4

    4. A similarly situated employee, Mary Block (white), Documentation Clerk, was not discharged when she made the same or similar error on a batch of records.

V. A. ISSUE/BASIS

    DISCHARGE - NOVEMBER 24, 2003, BECAUSE OF MY PHYSICAL HANDICAP, VISION IMPAIRMENT (DETACHED RETINA AND CATARACT IN RIGHT EYE)

B. PRIMA FACIE ALLEGATIONS

    1. I am handicapped within the meaning of the Human Rights Act.

    2. Respondent became aware of my handicap in August, 2003, when I had eye surgery. My job performance as a Documentation Clerk met Respondent's standards. I was hired by Respondent in March, 1991.

    3. On November 24, 2003, I was discharged. The reason given by Jim Ross (white), Supervisor, for my discharge was that I placed the wrong expiration date on a batch of records on two separate occasions, in September, 2003 and again in November, 2003. Although, I caught and corrected my error on the November, 2003, batch of records before they were processed I was still discharged.

    4. My handicap is unrelated to my ability to perform the job which I was hired to perform with a reasonable accommodate.

MEE

Exhibit "B"

EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Deanne Neely<br>2847 Central Ave<br>Waukegan, IL 60085 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL 7000 0600 0022 1009 3370

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2004-00706 | Armernola P. Smith,<br>State & Local Coordinator | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*  2/9/2009 mjh

Enclosures(s)

John P. Rowe,
District Director

(Date Mailed)

cc:  ABBOTT LABORATORIES
1401 Sheridan Rd
North Chicago, IL 60064